**IN THE COURT OF APPEALS OF IOWA**

No. 15-1809
Filed December 21, 2016

**JOHN LEWIS ARTHUR ANDERSON,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul Scott, Judge.

John Anderson appeals from the summary dismissal of his second application for postconviction relief. **AFFIRMED.**

Jamie L. Hunter of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**DANILSON, Chief Judge.**

John Anderson appeals from the summary dismissal of his second application for postconviction relief (PCR).[1] We review for errors of law. *See Everett v. State*, 789 N.W.2d 151, 155 (Iowa 2010).

Iowa Code section 822.3 (2015) provides, in relevant part, PCR applications must be filed within three years from the date the conviction or decision is final. It further provides the three-year limitation does not apply to a "ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3.

John Anderson was convicted of first-degree burglary and first-degree robbery in 2010. His convictions were affirmed on direct appeal. *See State v. Anderson*, No. 10-0802, 2011 WL 2419797 (Iowa Ct. App. June 15, 2011). Anderson's application for further review was denied and procedendo issued on August 18, 2011. Anderson filed his first application for postconviction relief (PCR) on February 20, 2012, in which he asserted ineffective assistance of trial and appellate counsel. His application was denied, which denial was affirmed on appeal by this court. *Anderson v. State*, No. 13-0057, 2013 WL 6662514, at *1 (Iowa Ct. App. Dec. 18, 2013). On January 9, 2015, Anderson filed this second PCR application, alleging, in part, his first PCR counsel was ineffective.

This PCR application was filed several months after the three-year period from the filing of procedendo and is time-barred. *See* Iowa Code § 822.3. Anderson does not assert he could not have filed his claim of ineffective

---

[1] While the State argues the notice of appeal was untimely, the supreme court entered an order concluding the appeal was timely and transferred the case to this court.

assistance of first PCR counsel by August 18, 2014, when the three-year limitations ran.[2]

Anderson's PCR application also summarily asserts, "There exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction and sentence in the interest of justice." While the three-year limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period," *see id.*, even on appeal, Anderson continues to fail to identify or assert any specific ground of fact or law that might constitute such an exception. *See Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989) (stating the three-year bar applies where the applicant offers no excuse to the district court in either his pleadings or his resistance to the motion to dismiss to explain why the three-year limitation does not apply). The district court did not err in summarily dismissing the application. We therefore affirm.

**AFFIRMED.**

---

[2] Anderson contends the limitations began anew upon the conclusion of the first PCR proceeding. This court has rejected similar arguments in the past. *See Hemm v. State*, No. 14-0779, 2015 WL 1331337, at *1 (Iowa Ct. App. Mar. 25, 2015); *Holmes v. State*, No. 02–1100, 2004 WL 893338, at *3 (Iowa Ct. App. Apr. 28, 2004).