# IN THE COURT OF APPEALS OF IOWA

No. 19-0322
Filed April 29, 2020

**ERIC MEL THOMPSON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Pottawattamie County, Kathleen A.

Kilnoski, Judge.


        Eric Thompson appeals the dismissal of his third postconviction-relief

application. **AFFIRMED.**


        Marti D. Nerenstone, Council Bluffs, for appellant.

        Thomas J. Miller, Attorney General and Darrel Mullins, Assistant Attorney

General, for appellee State.


        Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Eric Thompson appeals the dismissal of his third postconviction-relief (PCR) application involving his convictions for first-degree kidnapping and assault causing bodily injury. On appeal, Thompson argues that the holding of *Allison v. State*, 914 N.W2d 866, 891 (Iowa 2018), should be expanded to find the three-year statute of limitations for filing a PCR is unconstitutional. Even if constitutional, Thompson claims *Allison* affords him the guarantee of competent counsel and both his trial and appellate counsels' ineffective assistance warranted an exception to the three-year time bar. The State maintains the statute of limitations prohibits this third application for PCR even under the narrow lessons of *Allison*. We affirm the dismissal of Thompson's third PCR application.

## I. Background Facts and Proceedings.

These charges arose out of a kidnapping on October 15, 1999, during which Thompson sexually assaulted a child causing serious injury.[1] Thompson was charged with first-degree kidnapping and attempted murder. On March 2, 2000, a jury convicted him of first-degree kidnapping and assault causing bodily injury, a lesser-included offense of attempted murder. The trial court imposed a life sentence. Thompson appealed,[2] and we affirmed his conviction. *Thompson*, 2000 WL 1868961, at *1–2. Procedendo issued on the direct appeal on March 14, 2001.

With the direct appeal resolved, on December 17, 2002, Thompson timely filed a PCR application followed by amended versions in October 2004 and

---

[1] We rely on the extensive factual findings detailed in Thompson's direct appeal from the jury verdict without repeating them here. *See State v. Thompson*, Nos. 0-744, 00-0387, 2000 WL 1868961, at *1–2 (Iowa Ct. App. Dec. 22, 2000).

[2] Thompson did not raise an ineffectiveness claim on direct appeal.

January 2005. Among his claims, Thompson argued his trial counsel was ineffective. The district court denied all of Thompson's claims and summarily dismissed his PCR application. We upheld that dismissal in *Thompson v. State*, No. 05-1231, 2006 WL 2419128, at *5 (Iowa Ct. App. Aug. 23, 2006), and procedendo issued in September 2006.

Undeterred, Thompson again filed a PCR application on July 30, 2012. In this second PCR action, Thompson claimed his counsel in his first PCR was ineffective. Reasoning that his application came more than three years after the writ of procedendo on the direct appeal, the district court dismissed this second PCR application. Thompson again appealed. Our court affirmed the district court finding that Thompson's claims were barred by the three-year statutory time limit. *See Thompson v. State*, No. 13-0421, 2014 WL 970059, at *1 (Iowa Ct. App. Mar. 12, 2014). Procedendo on the second PCR action issued on April 11, 2014.

This procedural history brings us to the current filing, the third PCR application. Included in this third PCR are claims of ineffectiveness of both trial and prior PCR counsel. Different from the other applications, Thompson urged that invoking the statute of limitations against him because of the failures of his previous PCR counsel unconstitutionally violated his rights under *Allison*. He argued the court should toll the three-year time limitation and consider his claims. With these concerns before it, the district court found the application time-barred and summarily dismissed Thompson's third PCR application. Thompson appeals.

## II. Scope of Review.

We review the denial of a PCR application for correction of errors at law. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012). And when the applicant raises

claims of ineffective assistance of PCR counsel, we review de novo. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). Our review of constitutional issues is also de novo. *Perez*, 816 N.W.2d at 356.

We treat a summary dismissal of a PCR under Iowa Code section 822.3 (2018) analogous to the procedures involving summary judgment under the Iowa Rules of Civil Procedure. *See Manning v. State*, 654 N.W.2d 555, 559–60 (Iowa 2002).

### III. Analysis.

Starting with the relevant statutory language, section 822.3[3] requires most PCR applications to "be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." *See Sahinovic v. State*, 940 N.W.2d 357, 359 (Iowa 2020) (stating section 822.3 "establishes a general rule" of filing within that time period). The "limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. The legislative intent behind this statute is to "limit[] postconviction litigation in order to conserve judicial resources, promote substantive goals of the criminal law, foster rehabilitation, and restore a sense of repose in our system of justice." *Schmidt v. State*, 909 N.W.2d 778, 811 (Iowa 2018) (citation omitted).

---

[3] Iowa Code section 822.3 provides,
> A proceeding is commenced by filing an application verified by the applicant with the clerk of the district court in which the conviction or sentence took place. . . . All other applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

In *Allison*, the Iowa Supreme Court addressed whether successive PCR applications based on ineffective-assistance-of-counsel claims affected the three-year time bar:

> where a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

914 N.W.2d at 891.[4]

Thompson argues, using the logic of *Allison*, the three-year statute of limitations is unconstitutional and, alternatively, that *Allison* permits his untimely PCR application. We will address these issues in turn.

**A. Constitutionality of Iowa Code section 822.3 after *Allison*.** To begin, Thompson argues that we should extend *Allison* and declare Iowa Code section 822.3 unconstitutional for violating his right to due process and his right to counsel under both the United States and Iowa Constitutions. Thompson argues "[t]he reluctance of the court to follow its intuition as set out in *Allison* should be reconsidered."

But, our role does not include revisiting or extending supreme court precedent. *See State v Beck*, 853 N.W.2d 56, 64 (Iowa 2014) ("We are not at

---

[4] We recognize recent legislation, effective July 1, 2019, arguably supersedes *Allison* outright by amending section 822.3 to provide: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140 § 34 (codified at Iowa Code § 822.3 (2019)). Because we reject Thompson's *Allison* claims, we need not decide whether the amendment is retroactive.

liberty to overrule controlling supreme court precedent."). Second, the case law is clear. *See Perez*, 816 N.W.2d at 360. Without qualification, in *Perez* our supreme court confirmed the constitutionality of Iowa Code section 822.3. *Id.*; *see also Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989) (addressing purposes of time bars for PCRs and stating "due process requires that the interest of the state and the defendant be balanced in determining the reasonableness" of the limitations period). Likewise, *Allison*, with some qualifications in its application, did not hold that the statute was unconstitutional. 914 N.W2d at 891.

So Thompson's call for reconsideration of *Allison* fails. Thus his only remaining avenue is to overcome the time bar to his third PCR petition. *See* Iowa Code § 822.3.

**B.** ***Allison*'s Applicability to Thompson's PCR.** Thompson argues he has only had "bungling" attorneys in his case and thus he is entitled to at least one competent attorney. Thompson argues his case falls under the exception to the statute of limitations set forth in *Allison*.

As noted, *Allison* provided a relate-back exception to the statute of limitations under Iowa Code section 822.3 for subsequent PCR actions if the applicant claims his prior PCR counsel was ineffective in presenting an ineffectiveness-of-trial-counsel claim. 914 N.W2d at 891. Put simply, "[u]nder this equitable doctrine, the three-year statute of limitations is tolled from the time of the filing of the first petition for PCR until the first PCR proceeding's conclusion. Upon the conclusion of the first action, the three-year statute of limitations commences to run again." *Id.*

However, the statute of limitations is tolled only if "the successive PCR petition is filed promptly after the conclusion of the first PCR action." *Id.* The operative word here is "promptly."

While "promptly" is not defined, our cases addressing the parameters of what is "prompt," provide guidance. In *Kelly v. State*, we affirmed the dismissal of a third PCR petition filed more than one year after procedendo issued on the denial of his second application. *Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *3–4 (Iowa Ct. App. Aug. 1, 2018) ("[W]e cannot say Kelly's applications have been 'promptly' filed" noting the second PCR filing came fifteen months after the first was denied and the third PCR came more than a year after denial of the second); *see also Fountain v. State*, No. 17-2024, 2019 WL 5424928, at *3 n.9 (Iowa Ct. App. Oct. 23, 2019) (waiting nearly two years to file not considered prompt); *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *1 (Iowa Ct. App. Aug. 21, 2019) (waiting nearly six months was not prompt); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019) (concluding application filed more than forty-six months after the resolution of first PCR action and more than twenty-nine months after the conclusion of second PCR action was not prompt).

Having developed the standard for a "prompt" filing, we now review the timing of Thompson's PCR applications. When procedendo issued on the direct appeal, the statute of limitations allowed a PCR petition to be filed on or before March 14, 2003. Thompson timely filed the first PCR on December 17, 2002. Procedendo on the appeal of the dismissal of the first PCR issued on September 27, 2006. Almost six years later, Thompson filed the second PCR petition. Denied as untimely, procedendo issued on that appeal on April 11, 2014. After the

passage of almost four years, Thompson applied for a third shot at relief. Now Thompson requests we consider this third PCR action filed eighteen years after the conviction and fifteen years after the expiration of the three-year statute of limitations for PCR applications. Under *Allison*, his third PCR filing cannot meet the "promptly" filed condition. 914 N.W.2d at 891.

## IV. Conclusion.

Given the timing of Thompson's third PCR application, we find no exception to the three-year statute of limitations. After the passage of eighteen years since his conviction, and fifteen years after the original three-year time bar, the district court correctly dismissed this third PCR application. We affirm the district court dismissal.

**AFFIRMED.**