# IN THE COURT OF APPEALS OF IOWA

No. 19-1939
Filed April 14, 2021

**MICHAEL TERRY WILLIAMS,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

　　Michael Williams appeals the dismissal of his second application for postconviction relief. **AFFIRMED.**

　　Peter Stiefel, Victor, for appellant.

　　Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

　　Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Michael Terry Williams appeals the district court's dismissal of his second application for postconviction relief (PCR). We affirm the district court's ruling the application was not timely and further determine the record is not adequate to address Williams's claim of ineffective assistance by PCR counsel.

In March 1999, a jury convicted Williams of first-degree murder and first-degree robbery. On direct appeal, Williams challenged the sufficiency of the evidence, denial of motions to continue and to suppress eyewitness identification, and the restitution order. He also raised multiple claims of ineffective assistance of counsel and a potential conflict of interest. *State v. Williams*, No. 99-0551, 2000 WL 1157832, at *2–8 (Iowa Ct. App. Aug. 16, 2000) (*Williams I*). This court affirmed on most issues, preserving ineffective-assistance claims for a possible PCR and remanding for a hearing on the conflict-of-interest issue. *Id.* at *8.

On remand, the district court considered whether personal relationships between attorneys from the public defender's office and the county attorney's office created a reversible conflict of interest. *State v. Williams*, 652 N.W.2d 844, 847 (Iowa Ct. App. 2002) (*Williams II*). Williams appealed the district court's ruling on remand that "no actual conflict of interest existed" and Williams had knowingly and voluntarily waived any conflict that did exist. *Id.* On appeal from the remand, this court agreed Williams failed to show "an actual conflict of interest such that he would be entitled to a new trial." *Id.* at 850.

In August 2003, Williams filed an application for PCR, claiming ineffective assistance because (1) one of his trial counsel was also representing a potential alibi witness, Deanna Ackerman, (2) counsel on his direct appeal and remand "did

not fully explore certain conflicts" arising from relationships between persons in the public defender's office and persons in the county attorney's office, and (3) assorted ineffective-assistance-of-counsel claims. *Williams v. State*, No. 07-1927, 2009 WL 1492560, at *3–4 (Iowa Ct. App. May 29, 2009) (*Williams III*). We noted Ackerman's alibi statement[1] was "at best an incomplete alibi for Williams," ultimately holding "[s]ince Ackerman was not, on the very face of things, a witness who was going to be helpful to Williams's defense, we hold there was no 'actual conflict' arising out of [trial counsel's] dual representation of both parties." *Id.* at *3. We also concluded the relationships did not present an actual conflict. *Id.* at *4. Finally, we rejected all of Williams's ineffective-assistance-of-counsel claims. *Id.* at *5–6. Williams did not file an application for further review.

Williams next petitioned for habeas corpus relief in federal district court, again alleging trial counsels' conflicts of interest and *Williams I* appellate counsel's failure to file for further review resulted in ineffective assistance. *See Williams v. Ludwick*, 761 F.3d 841, 843 (8th Cir. 2014). The Eighth Circuit panel determined Williams's trial counsel exercised a reasonable defense strategy and Williams "therefore has not established that the conflict 'adversely affected' the representation that he received." *Id.* at 846. The panel also rejected Williams's claims appellate counsel in *Williams I* was ineffective. *Id.* at 846–47.

---

[1] Ackerman gave a statement to police during the original investigation of Williams in 1998, stating she spoke with Williams around 1:00 to 1:30 in the morning "but did not see him. I didn't go there, he didn't come here." A separate witness stated in a law enforcement interview that Ackerman told her "Ackerman paged [Williams] the night of the murder, at 2:05 AM, and that [Williams] returned her call."

On June 20, 2017, Williams filed a second PCR application. The State filed a motion for summary dismissal in October 2018, which Williams resisted.

On December 2, Williams amended his application, raising two claims of ineffective assistance of trial and first PCR counsel relating to the alleged conflicts of interest of trial counsel. The amended application relied on the exception to the statute of limitations created in *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018). Then, on December 10, the court granted Williams ninety days to investigate "new information" and recast his pleadings. In February 2019, counsel withdrew for personal reasons and new counsel was appointed.

On March 13, the State again filed a motion for summary dismissal, noting no recast pleadings had been filed. Williams requested a continuance so his new counsel could obtain the case file from prior counsel and investigate the new evidence. No recast or amended pleadings were filed before the hearing on the State's motion to dismiss on September 30.

At the September 30 hearing, Williams's counsel informed the court they were still investigating a potential change in Ackerman's alibi statement that she had seen Williams at the bar the night of the offense instead of just speaking with him. The private investigator hired to find Ackerman was present at the hearing and willing to testify about his interview with Ackerman, and counsel expected to file Ackerman's statement in affidavit form in the future. These statements to the court were made in the context of first PCR counsel and trial counsel failing to sufficiently investigate Ackerman's potential as alibi witness in their respective cases.

On October 16, the district court dismissed the application as untimely. Williams appeals.

"Generally, we review a grant of a motion to dismiss a PCR petition for correction of errors at law. But when a PCR petitioner claims ineffective assistance of PCR counsel, our review is de novo." *Allison*, 914 N.W.2d at 870 (citations omitted).

### A. *Allison* exception.

Iowa Code section 822.3 (2018) provides, "[A]pplications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." In June 2018, our supreme court enunciated a narrow exception:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

*Id.* at 891; *see Goode v. State*, 920 N.W.2d 520, 526 (Iowa 2018) ("Based on *Allison*, the statutory limitation period is not an impediment to pursuing a second PCR application relating to the claim in this case if promptly filed following the appeal.").

Williams acknowledges the long stretch of time between the conclusion of his first PCR action and the filing of his second PCR application and concedes "[t]here is no reasonable argument that taking eight years to do something is 'prompt' within the everyday meaning of the term." Instead, he urges a more

expansive interpretation of the "filed promptly" requirement when the statute of limitations was over before the first PCR action concluded. He further claims the amended petition filed five months after *Allison* should be considered a prompt filing and asks the 2017 application be construed as raising ineffective assistance of first PCR counsel.

We find nothing in *Allison* to support Williams's expansive interpretation of a prompt filing and apply the Iowa Code section 822.3 bar of any claims not based on "a ground of fact or law that could not have been raised within the applicable time period." The limitations period in section 822.3 ensures the criminal process "end[s] within reasonable time limits." *Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989). Extending *Allison*'s limited exception to include challenges of decades-old convictions and PCR actions would defeat the purpose of a limitations period. We affirm the district court's dismissal of Williams's application as untimely.

**B. New ineffective-assistance-of-counsel claims.**

Williams also raises ineffective-assistance-of-counsel claims on his representation in district court for this second PCR action. He claims PCR trial counsel provided deficient performance in not arguing *Allison* provided a new ground of law to defeat the limitations period. He also asserts counsel erred in not arguing an affidavit submitted on October 8, 2019, by Deanna Ackerman was a ground of fact that could not have been raised within the applicable time period and should have been excepted from the limitations period.

"As a general rule, we do not address issues presented on appeal for the first time." *Goode*, 920 N.W.2d at 526. A potential exception is ineffective-

assistance-by-trial-counsel claims. *Id.* "We will decide these claims on direct appeal when the appellate record is adequate." *Id.*

*1. Ground of law.* The "new ground of law" exception Williams asserts does not apply. The only change in law he discusses is the *Allison* exception discussed above. *Allison* did not affect the law underlying Williams's convictions, and is not a basis to challenge his robbery or murder convictions. Williams has not established ineffective assistance of counsel on this claim.

*2. Ground of fact.* For the first time on appeal, Williams asserts a "new ground of fact" argument based on Ackerman's 2019 affidavit. He claims his trial counsel in this PCR action was ineffective by "fail[ing] to argue that Ackerman's affidavit met the 'ground of fact' exception to the statute of limitation period in Iowa Code 822.3" instead of pursuing the frame of trial and first PCR counsel providing ineffective assistance by failing to adequately investigate the potential alibi.

This issue was not raised below, and was not addressed by the district court. The record here is not adequate for us to evaluate the asserted failure of an essential duty or prejudice that might have resulted. *See State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020) ("In order to support a claim of ineffective assistance of counsel, a [claimant] must show (1) that counsel failed to perform an essential duty and (2) that prejudice resulted."). Therefore, we will not address this claim for the first time on appeal.

**AFFIRMED.**