# IN THE COURT OF APPEALS OF IOWA

No. 15-1461
Filed June 15, 2016

**ROBERT JOHNSTON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Karen A. Romano, Judge.

An applicant appeals the district court's dismissal of his application for postconviction relief. **AFFIRMED.**

Alexander Smith of Parrish, Kruidenier, Dunn, Boles, Gribble, Gentry, Brown & Bergmann, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Robert Johnston pled guilty to second-degree murder and willful injury in April 2008 and was sentenced to prison for fifty years and ten years, to be served consecutively. Johnston filed his first postconviction-relief application (PCR) in September of 2008, as amended in October 2010, which was denied, and the denial was affirmed on appeal. *See Johnston v. State*, No. 11-0450, 2012 WL 1237778, at *1 (Iowa Ct. App. Apr. 11, 2012).

Johnston filed the current application for PCR in July 2014, more than six years after his conviction became final. The State moved to summarily dismiss the PCR application on the basis that the current application was barred by the three-year statute of limitations applicable to PCR actions and no exception to the statute of limitations applied. *See* Iowa Code § 822.3 (2013). In addition, the State alleged Johnston's application was barred because the claims had previously been litigated. The district court partially granted the State's motion based on the three-year statute of limitation, finding;

> All of the Petitioner's claims were known and could have been brought either on a direct appeal or in the first postconviction-relief application. Some of the current claims were brought in the first postconviction proceeding, finally adjudicated, and cannot be relitigated in this proceeding. All of the alleged newly discovered evidence and alleged exculpatory evidence was known to the Petitioner prior to the trial and plea in the criminal case.

However, the court preserved for PCR trial Johnston's claim that his sentence was illegal because such a claim can be raised at any time. After trial, the court denied Johnston's challenge to his sentence, finding one of Johnston's claims was not actually challenging the legality of his sentence but challenging the factual basis to support his guilty plea, which was barred by the three-year

statute of limitations. The court also rejected Johnston's claim the offenses should merge, finding "the record in the underlying case supports a factual basis for separate and distinct offenses." The court went on, "The record in the criminal case clearly supports by evidence beyond a reasonable doubt that Johnston committed or aided and abetted in the commission of two crimes. Further, the trial court found and the parties agreed those sentences do not merge."

On appeal, Johnston claims the court should have considered his claims because the three-year statute of limitations is an unconstitutional suspension of habeas corpus. Ignoring the error preservation problems with this claim as it was never presented to nor decided by the district court, we reject Johnston's assertion based on the supreme court's decision in *Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989)—"[W]e hold that the three-year limitation contained in section 663A.3 [now section 822.3] does not violate the constitutional prohibition against the suspension of the writ of habeas corpus." We are not at liberty to overturn this or any precedent from the Iowa Supreme Court. *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).

Johnston also claims his willful injury conviction should merge into his second-degree murder conviction and his sentence should be corrected as an illegal sentence. We agree with the district court's rejection of this claim. In the sentencing order, the court stated,

> Under count I, the court finds beyond a reasonable doubt that the defendant or someone he aided and abetted killed Matthew Stegman with malice aforethought. The defendant actively participated in the plan to lure Matthew Stegman to the Woodland Cemetery in Polk County Iowa, knowing that others had the intent

to kill. Matthew Stegman died as result of the beating and stabbing inflicted by the defendant and the others that he aided and abetted. Under count II, the court finds beyond a reasonable doubt that the defendant or someone he aided and abetted performed an act that was not justified and resulted in serious injury to Matthew Stegman and while doing so, the defendant and or someone he aided and abetted had the intent to commit a serious injury. The court finds that there were several serious injuries inflicted on Matthew Stegman separate and distinct from the stab wounds which were the immediate cause of his death. *The court finds and the parties agree the counts charged do not merge*.

(Emphasis added.) Because Johnston's convictions arise from two distinct acts, the two offenses do not merge. *See State v. Copenhaver*, 844 N.W.2d 442, 447 (Iowa 2014) ("If the legislature criminalizes two separate and distinct acts, separate sentences on each act are not illegal."). Johnston participated in the beating of the victim by kicking him two to three times and hitting him twice with a billy club. Later, another member of the group slit the victim's throat with a knife, causing the victim's death, and the court found Johnston "actively participated in the plan to lure Matthew Stegman to the Woodland Cemetery in Polk County Iowa, knowing that others had the intent to kill." These two separate, distinct acts justify the imposition of two separate sentences. Because neither the convictions nor sentences merge, we affirm the district court's denial of Johnston's PCR application.

**AFFIRMED.**