# IN THE COURT OF APPEALS OF IOWA

No. 18-1110
Filed February 5, 2020

**JAMES LEE BLAIR-BEY,**
　　Plaintiff-Appellant,

**vs.**

**IOWA STATE PENITENTIARY,**
　　Defendant-Appellee.

_____

Appeal from the Iowa District Court for Lee (North) County, Mark Kruse, Judge.

James Lee Blair-Bey contends the district court erred in summarily dismissing his petition for writ of habeas corpus. **AFFIRMED.**

James Lee Blair, Fort Madison, pro se appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**BOWER, Chief Judge.**

James Lee Blair-Bey contends the district court erred in summarily dismissing his petition for writ of habeas corpus. Finding no error, we affirm.

"Habeas corpus proceedings are actions at law and are generally reviewable for corrections of errors at law." *State v. Hernandez-Galarza*, 864 N.W.2d 122, 126 (Iowa 2015). Chapter 663 of the Iowa Code (2018) governs habeas corpus. But chapter 663 "shall not apply to persons convicted of, or sentenced for, a public offense." Iowa Code § 822.1. "A public offense is that which is prohibited by statute and is punishable by fine or imprisonment." *Id.* § 701.2. Blair-Bey is serving a life sentence for his 1982 conviction of first-degree murder. *See State v. Blair*, 347 N.W.2d 416, 422 (Iowa 1984) (finding sufficient evidence to sustain conviction); *Blair v. State*, 492 N.W.2d 220, 223–25 (Iowa Ct. App. 1992) (rejecting ineffective-assistance-of-counsel claims); *see also Blair v. State*, No. 15-0482, 2016 WL 3003378, at *2, *4–5 (Iowa Ct. App. May 25, 2016) (rejecting additional claims as time barred and finding life sentence was not illegal). Thus, habeas is not available to Blair-Bey, who seeks to challenge his conviction and sentence. *See Hernandez-Galarza*, 864 N.W.2d at 128 ("[T]he legislature foreclosed habeas corpus as a postconviction remedy for persons 'convicted of, or sentenced for, a public offense.' The postconviction procedure contained in Iowa Code chapter 822 now provides the proper remedial vehicle for persons 'convicted of, or sentenced for, a public offense' to challenge their convictions." (citations omitted)).

Blair-Bey argues he has a constitutional right to seek a writ of habeas corpus. Article I, section 13 of the Iowa Constitution provides, "The writ of habeas

corpus shall not be suspended, or refused when application is made as required by law." Our supreme court has observed, "Thus, the framers of the constitution expressly provided general authority for legislative restriction on the exercise of the right of habeas corpus." *Davis v. State*, 443 N.W.2d 707, 709 (Iowa 1989). Supplanting common-law habeas corpus with chapter 822 postconviction relief (PCR) remedies is constitutionally permissible. *Id.* at 709–10 (holding that a three-year statute of limitations on PCR actions does not violate the constitutional guarantee of habeas corpus).

Moreover, the summary dismissal is not prohibited by statute. *See* Iowa Code § 663.6. Here, the court wrote:

> An application for habeas corpus was filed in this case. The court did review the grounds set forth. The grounds relate to a conviction for first degree murder in the 1980's. The grounds include ineffective assistance of counsel and jurisdictional issues, among others.
>
> Section 663.6 provides that "[i]f, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the court or judge must refuse to allow the writ." Section 822.1 provides that "[t]he provisions of sections 663.1 through 663.44, inclusive, shall not apply to persons convicted for a public offense."
>
> Based on a review of the application and the law, the application for writ of habeas corpus is denied.

Finding no error in the district court's ruling, we affirm.

**AFFIRMED.**