**IN THE COURT OF APPEALS OF IOWA**

No. 19-0375
Filed April 29, 2020

**WILLIAM EDWARD BLAKEMAN, III,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Monica Zrinyi Wittig, Judge.

William Blakeman appeals from the summary dismissal of his application for postconviction relief. **AFFIRMED.**

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

William Blakeman failed to file this postconviction-relief (PCR) action within the three-year statutory limitations period. *See* Iowa Code § 822.3 (2018). The PCR court summarily dismissed. We affirm.

In 2015, Blakeman pled guilty to possession of marijuana with intent to deliver. On May 4, 2015, the court sentenced Blakeman to prison but suspended the sentence and ordered probation. Blakeman pursued no direct appeal.

Blakeman struggled on probation. Between June 2015 and May 2018, the department of correctional services filed five separate reports of violations. On three occasions, the court found Blakeman in contempt and ordered jail time. Finally, in July 2018, the court revoked Blakeman's probation.

On December 11, 2018, Blakeman filed his hand-written PCR petition. Although sparse, it suggests that whoever reported Blakeman to police had just stolen money from Blakeman. It also states: "I was NOT found to be in possesion [sic] of any drug on the date in question."

Following appointment of PCR counsel, Blakeman filed a motion to obtain transcripts at state expense. The PCR court entered an order denying the motion. In the same order, the court dismissed Blakeman's action as untimely under Iowa Code section 822.3, which states in pertinent part:

> All [PCR][1] applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued. However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period.

---

[1] There is one carve-out: A shorter, ninety-day limitation period applies for applicants seeking relief under section 822.2(1)(f).

Blakeman filed a motion to reconsider. It suggested the "actual innocence" standard could provide a means of avoiding dismissal under section 822.3. It also advised the court that counsel "needs to review the transcripts to determine if it [sic] meets the actual innocence standard." The court denied Blakeman's motion. This appeal followed.

On appeal, Blakeman argues the PCR court erred in dismissing without first affording him "the opportunity to present evidence to the [c]ourt regarding his actual innocence claim." He also argues the PCR court erred in dismissing "on statute of limitation grounds without considering equitable tolling." "We generally review postconviction proceedings, including summary dismissals of [PCR] applications, for errors at law." *Moon v. State*, 911 N.W.2d 137, 142 (Iowa 2018). But "[w]hen the basis for relief implicates a violation of constitutional dimension, our review is de novo." *Id.*

Even when an applicant claims actual innocence, the applicant must still "comply with the statute of limitations or prove a statutory exception thereto." *Dewberry v. State*, ___N.W.2d___, ___, 2019 WL 6633750, at *3 (Iowa 2019). But Blakeman cannot show he complied with the three-year limitation period under section 822.3. Although Blakeman's conviction was final on May 4, 2015, he did not file his PCR action until December 11, 2018—more than three years later.

Nor can Blakeman show he fits within a statutory exception. He identifies no "ground of fact or law that could not have been raised within the" three-year limitations period. *See* Iowa Code § 822.3. Blakeman's application suggests he did not possess the marijuana on which his conviction was based. If that is true, it cannot come as news to Blakeman. Rather, as the State points out, "evidence of

whether [Blakeman] possessed marijuana—or not, was known to Blakeman at the time of his guilty plea." It was a "ground of fact" that could, indeed, "have been raised within the" three-year period. *Cf. Hoskins v. State*, No. 19-0035, 2020 WL 1310308, at *3 (Iowa Ct. App. Mar. 18, 2020) (finding a third-party's affidavit that the PCR applicant did not own the relevant drugs was not "newly-discovered evidence" because "the affidavit's core factual content—that [the applicant] 'did not have anything to do with the drugs'—was undoubtedly known to [the applicant] at the time of his trial").

But Blakeman complains the court's summary dismissal prevented him from "submit[ting] ANY evidence to support his claim of actual innocence." As explained, though, evidence that Blakeman did not possess marijuana would not help him avoid the statute of limitations. Moreover, Blakeman has not told us what evidence he would have presented. He has not even told us what evidence he *hoped* to find in the transcripts from his criminal case. Nor did he advise the PCR court of what evidence he hoped to find. On this record, we cannot conclude an evidentiary hearing was required.

Blakeman also argues we should adopt "equitable tolling" as an additional exception to the three-year time limit. Like the State, we do not believe Blakeman preserved error on this claim. Equitable tolling was not mentioned in Blakeman's motion to reconsider. Nor do we find it elsewhere in the record. So we decline to consider it now. *See Fountain v. State*, No. 17-2024, 2019 WL 5424928, at *3 (Iowa Ct. App. Oct. 23, 2019) ("He alternatively argues not allowing equitable tolling under Iowa Code chapter 822 is unconstitutional. The equitable-tolling arguments were not raised or decided below, and we will not consider them for the

first time on appeal."); *see id.* at *3 n.7 (noting "our prior holdings that equitable tolling does not apply to section 822.3" and citing eleven unpublished decisions); *cf. Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989) (rejecting applicant's claim that dismissal under three-year limitation period, then codified at section 663A.3 (1987), improperly "precluded him from showing his delay was due to justifiable excuse and from presenting the merits of his case").

Blakeman's PCR action was time-barred under section 822.3 (2018). The PCR court was correct in dismissing his application.

**AFFIRMED.**

Doyle, J., concurs; Vaitheswaran, P.J., dissents.

**VAITHESWARAN, Presiding Judge** (dissenting).

I respectfully dissent. The district court dismissed the postconviction-relief application sua sponte without notice to Blakeman, despite the fact that an order filed less than three weeks earlier afforded his attorney forty-five days to file a brief and granted Blakeman the right to a hearing in the event a motion for summary judgment was filed. *See also* Iowa Code § 822.6 (2018) (governing summary disposition of postconviction-relief applications and requiring notice and an opportunity to respond). In my view, the district court erred. I would reverse and remand for further proceedings.