# IN THE COURT OF APPEALS OF IOWA

No. 20-0884
Filed October 6, 2021

**ROBERT DAVIS,**
        Plaintiff-Appellant,

**vs.**

**STATE OF IOWA,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Mahaska County, Crystal S. Cronk, Judge.

The applicant appeals from the summary dismissal of his third application for postconviction relief.  **AFFIRMED.**

Alexander Smith of Parrish, Kruidenier, Dunn, Gentry, Brown, Bergmann & Messamer, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**GREER, Judge.**

In 2008, a jury convicted Robert Davis of two counts of second-degree sexual abuse and four counts of third-degree sexual abuse. Davis appealed, arguing in part that the district court should have granted his motion for new trial because of newly discovered evidence. *State v. Davis*, No. 08-1942, 2009 WL 4116322, at *5 (Iowa Ct. App. Nov. 25, 2009). This claim was based on the fact that five days after the end of his criminal trial, the Iowa Division of Criminal Investigations (DCI) laboratory completed its report, which showed the DNA analysis did not produce any evidence of fluids, foreign DNA, or foreign hairs. A panel of this court concluded Davis had not proved the report was newly discovered evidence that warranted a new trial. *Id.* at *7. Procedendo issued on March 11, 2010.

Following the direct appeal, Davis filed his first application for postconviction relief (PCR) in May 2010. In it, he alleged he received ineffective assistance from his trial attorney because the attorney did not obtain the DNA results from DCI prior to the beginning of Davis's underlying criminal trial. At the PCR hearing, Davis's trial counsel testified he and Davis decided not to wait for the report because even if the report did not implicate Davis, the complaining witness's testimony that she showered prior to the sexual assault examination meant the report would not be helpful to Davis's defense. *See Davis v. State*, No. 12-0436, 2013 WL 530577, at *1 (Iowa Ct. App. Feb. 13, 2013). The district court concluded trial counsel did not breach an essential duty and denied Davis's application. *Id.* On appeal, Davis reiterated his argument that his trial counsel was ineffective in failing to obtain the

DCI report prior to trial. *Id.* A panel of this court agreed with the district court and affirmed. *Id.*

Reframing his arguments, Davis filed his second PCR application in October 2013—outside the three-year statute of limitations. *See* Iowa Code § 822.3 (2013). Davis again claimed he received ineffective assistance from trial counsel, this time due to counsel's failure to call an expert witness. The district court summarily denied Davis's second application, finding it was time-barred and Davis had not raised a new ground of law or fact that could not have been raised within the statutory window. A panel of this court affirmed. *Davis v. State*, No. 16-1464, 2017 WL 6033864, at *1 (Iowa Ct. Ap. Dec. 6, 2017).

In yet another attempt, Davis filed his third application for PCR—the one that precipitated this appeal—in December 2018. In his third application, Davis raised the issue of alleged prosecutorial misconduct and again raised claims he received ineffective assistance from trial counsel. Additionally, he asserted the DNA report "proves [his] actual innocence." The State moved to summarily dismiss Davis's application, arguing it was time-barred and did not raise a ground of law or fact that could not have been raised within the applicable time. Davis resisted and argued at the hearing on the motion to dismiss that the holding of *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), gave him "another bite at the apple." The district court granted the State's motion, concluding Davis's third PCR application was filed well beyond the three-year window, did not raise a ground of fact or law that could not have been raised within the three-year window, and did not meet the *Allison* exception because Davis did not allege ineffective assistance from PCR counsel. *See Allison*, 914 N.W.2d at 891 ("[W]here a PCR petition

alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action."). We agree with the district court on this point.

Yet, on appeal, Davis argues summary dismissal of his third PCR application was not appropriate because he "needed trial to develop his *Allison* claims." But we have repeatedly held that PCR applications beyond the second "do[] not fit into *Allison*'s narrow exception." *Long v. State*, No. 19-0726, 2020 WL 2061934, at *4 (Iowa Ct. App. Apr. 29, 2020); *see also Kelly v. State*, No. 17-0382, 2018 WL 3650287, at *4 (Iowa Ct. App. 2018). So neither more time nor additional procedure would help Davis's *Allison* claims.[1]

In the alternative, Davis argues the district court should have considered the merits of his claims "because the three year statute of limitations on [PCR] actions is an unconstitutional suspension of habeas corpus." Assuming Davis did not first need to raise this issue to the district court, *see State v. Williams*, 895 N.W.2d 856, 859 n.2 (Iowa 2017), we are not at liberty to overturn Iowa Supreme Court precedent holding that "the three-year limitation . . . does not violate the

---

[1] Effective July 1, 2019, while Davis's third application for PCR was pending, the legislature abrogated *Allison*. *See* Iowa Code § 822.3 (Supp. 2019) ("An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods.").

constitutional prohibition against the suspension of the writ of habeas corpus." *Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989) (referencing Iowa Code section 663A.3 (1987), now renumbered section 822.3).

We affirm the summary dismissal of Davis's third PCR application.

**AFFIRMED.**