# IN THE COURT OF APPEALS OF IOWA

No. 23-1629
Filed August 21, 2024

**THANH NGOC DAO,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

     An applicant appeals the denial of his application for postconviction relief.

**AFFIRMED.**

     John C. Heinicke of Kragnes & Associates, P.C., Des Moines, for appellant.

     Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

     Considered by Greer, P.J., and Ahlers and Badding, JJ.

**BADDING, Judge.**

In 1999, Thanh Ngoc Dao was found guilty of first-degree murder. We affirmed on direct appeal. *See generally State v. Dao*, No. 99-0727, 2001 WL 246444 (Iowa Ct. App. Mar. 14, 2001). Procedendo issued in July 2001. Dao filed his fifth postconviction-relief application—and the one leading to this appeal—in 2023.[1] The application referenced the United States Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and asserted that the statute of limitations in Iowa Code section 822.3 (2023) was unconstitutional as applied to him. The State responded with a motion to dismiss, arguing the application was barred by the statute of limitations, the claimed unconstitutionality of the statute of limitations was meritless, and *Bruen* had no application to Dao's claims. Dao resisted, generally claiming he "may be entitled to relief . . . and the State is not entitled to dismissal."

At a hearing on the motion, Dao maintained that dismissal was improper because there could be a "potential set of facts that would entitle [him] to relief." He then repeated his vague claims that the statute of limitations was unconstitutional and essentially asked the court to overrule controlling supreme court caselaw that said otherwise, specifically *Davis v. State*, 443 N.W.2d 707 (Iowa 1989). In its ruling, the district court granted dismissal, concluding that the

---

[1] Dao filed applications for postconviction relief in 2001, 2009, 2013, and 2018, all of which were denied. The supreme court dismissed the appeal of the denial of the 2001 application as frivolous. We affirmed the remaining denials. *See generally Dao v. State*, No. 18-1589, 2020 WL 4497356 (Iowa Ct. App. Aug. 25, 2020) *Dao v. State*, No. 14-0499, 2016 WL 6902316 (Iowa Ct. App. Nov. 23, 2016); *Dao v. State*, No. 10-0844, 2013 WL 100145 (Iowa Ct. App. Jan. 9, 2013). Dao also filed a federal petition for writ of habeas corpus, which was denied.

application was untimely and the statute of limitations is constitutionally valid under *Davis*.

Dao appeals, claiming dismissal was improper. He argues that he "is raising a constitutional challenge to the time bar under *Bruen*'s spirit and intent" and indicates *Bruen* served as a new ground of law excepting him from the statute of limitations. *See Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2 (Iowa Ct. App. Sept. 2, 2020) (collecting cases on the premise that applications are timely if filed within three years of a new ground of law).

Trouble is, Dao did not resist dismissal on the basis that *Bruen* serves as a new ground of law excepting him from the limitations period, the district court did not rule on that claim, and Dao did not file a post-dispositional request for such a ruling. So error is not preserved on Dao's claim for reversal of the dismissal.[2] *See State v. Bauler*, 8 N.W.3d 892, 907–08 (Iowa 2024). In any event, Dao's application asserted that the statute of limitations in section 822.3 is unconstitutional because it is inconsistent with "the historical traditions that define the rights to redress of grievance again[st] the government." And on appeal, Dao suggests the statute of limitations "is not deeply rooted in our nation's history, nor our traditions." *Cf. Bruen*, 597 U.S. at 17 (holding that the government must show a firearm regulation is consistent with the nation's historical tradition of firearm regulation to withstand scrutiny under the Second Amendment's right to keep and bear arms). Dao does not, however, meaningfully dispute that *Bruen* is "wholly

---

[2] While the State does not contest error preservation, we may raise the issue on our own. *See, e.g.*, *Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000).

inapplicable to Iowa's [postconviction relief] statute of limitations," instead insisting that the "spirit and intent" of "the *Bruen* test" should be applied. But he never explains what that test is or how it could affect the constitutionality of section 822.3. *See Perez v. State*, 816 N.W.2d 354, 360 (Iowa 2012) (confirming the constitutionality of section 822.3); *accord Davis*, 443 N.W.2d at 710–11. Finally, as the State points out, Dao's application did not plead "any substantive claim for postconviction relief."

Finding error was not preserved on Dao's claim for exception from the statute of limitations and he is otherwise not entitled to relief on the merits, we affirm the dismissal of his application for postconviction relief.

**AFFIRMED.**