# IN THE COURT OF APPEALS OF IOWA

No. 24-0135
Filed January 23, 2025

**MICHAEL LINN SCHAWITSCH,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Lee (South) County, Clinton R. Boddicker, Judge.

The applicant challenges the summary dismissal of his sixth application for postconviction relief. **AFFIRMED.**

Nathan A. Mundy (until withdrawal) of Mundy Law Office, P.C., Des Moines, and Jamie L. Hunter of Dickey, Campbell, Sahag Law Firm, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Buller and Langholz, JJ.

**GREER, Presiding Judge.**

Twenty-five years ago, Michael Schawitsch was convicted of two counts of first-degree robbery, two counts of unauthorized possession of an offensive weapon, and one count of first-degree burglary. He was sentenced to a combined term of incarceration not to exceed fifty years. Schawitsch filed an unsuccessful direct appeal, on which procedendo issued in October 2001. *See State v. Schawitsch*, No. 00-0475, 2001 WL 709444, at *5 (Iowa Ct. App. June 13, 2001). Despite his three-year window to seek postconviction relief closing in 2004, *see* Iowa Code § 822.3 (2004), Schawitsch filed this PCR application—his sixth—in August 2023, summarily challenging his conviction and sentence on various grounds. The district court dismissed his application as time-barred.

Schawitsch appeals, urging us to overrule our supreme court's holding that the statute of limitations is constitutional. *See Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989) ("[D]ue process requires that the interest of the state and the defendant be balanced in determining the reasonableness of a period of limitations. . . . We believe that a three-year period after the conviction or appeal is final is not unreasonable. We also believe the legislature, within its sound discretion, may determine the proper limitation period."). We cannot overrule our supreme court. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). We are bound by its prior rejection of a federal due-process challenge to the statute of limitations. *See Davis*, 443 N.W.2d at 710–11. So, we affirm the district court's dismissal of Schawitsch's application without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), (e).

**AFFIRMED.**