# IN THE COURT OF APPEALS OF IOWA

No. 24-0783
Filed February 19, 2025

**KHAMFEUANG THONGVANH,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Jennifer Miller, Judge.

An applicant for postconviction relief appeals the dismissal of his application as time-barred. **AFFIRMED**.

Jessica A. Millage of Flanagan Law Group, PLLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Langholz and Sandy, JJ.

**LANGHOLZ, Judge.**

About forty years ago, Khamfeuang Thongvanh was convicted of first-degree murder after strangling a woman in her home. *See State v. Thongvanh*, 398 N.W.2d 182, 184 (Iowa Ct. App. 1986). Despite a three-year statute of limitations for seeking postconviction relief that ran for him decades ago, Thongvanh filed this (third) application for postconviction relief in July 2023, summarily challenging his conviction and sentence on various grounds. *See* Iowa Code § 822.3 (2023). The district court dismissed his application as time-barred.

Thongvanh appeals, urging us to hold that the statute of limitations violates his "rights under the fifth, sixth, eighth, and fourteenth Amendments." But he does not—nor did he in the district court—flesh out any specific argument as to why the statute of limitations violates any of those federal constitutional provisions. He merely argues that we should apply the United States Supreme Court's reasoning interpreting the Second Amendment in *New York State Rifle and Pistol Association v. Bruen*, 597 U.S. 1 (2022), to decide whether the statute of limitations "violates the rights of defendants." Because we cannot construct Thongvanh's constitutional arguments for him, they are mostly waived by lack of adequate briefing. *See* Iowa R. App. P. 6.903(2)(a)(8)(3).

Generously interpreting his briefing, the only specific challenge that he has arguably sufficiently briefed on appeal is a violation of his federal due-process rights. But that claim has already been rejected by our supreme court. *See Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989) (concluding the postconviction-relief statute of limitations "afforded defendant a reasonable opportunity to be heard, thus ensuring his federal and state due process rights"). And this claim fails

because we cannot overrule our supreme court based on Thongvanh's arguments. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Thongvanh alternatively argues that his application should not have been barred by the statute of limitations because his arguments about *Bruen* fit within the statutory exception for applications asserting "a ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3; *see also Thongvanh v. State*, 938 N.W.2d 2, 8–10 (Iowa 2020). But Thongvanh is not challenging *his conviction* based on *Bruen* or any other new ground of fact or law. His arguments based on *Bruen* are only a challenge to the statute of limitations itself. So this exception to the statute of limitations does not apply to Thongvanh's application.

Seeing no legal error, *see Thongvanh*, 938 N.W.2d at 8, we thus affirm the district court's dismissal of Thongvanh's application for postconviction relief as barred by the statute of limitations.

**AFFIRMED.**