# IN THE COURT OF APPEALS OF IOWA

No. 24-0479
Filed May 7, 2025

**JUAN LEDESMA,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Steven Andreasen, Judge.

An applicant appeals the dismissal of his fifth application for postconviction relief. **AFFIRMED.**

Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered without oral argument by Ahlers, P.J., Badding, J., and Telleen, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BADDING, Judge.**

It has been more than twenty-five years since a jury found Juan Ledesma guilty of first-degree murder and other offenses in connection with the death of a child under his care. Our court affirmed those convictions on direct appeal. *See State v. Ledesma*, No. 97-1646, 2000 WL 142095, at *1 (Iowa Ct. App. Feb. 9, 2000).

In July 2023, Ledesma filed an application for postconviction relief under Iowa Code chapter 822 (2023)—his fifth such application to date.[1] Citing the United States Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), Ledesma argued that Iowa Code section 822.3's three-year limitations period is unconstitutional as applied to his claim for postconviction relief. The district court dismissed Ledesma's application, finding *Bruen* is "limited to Second Amendment right-to-bear-arms cases." The court also observed that Ledesma had failed to "raise a ground for postconviction relief," and so his application would be denied even if timely.

Ledesma appeals, arguing the district court erred in its narrow reading of *Bruen*. While he agrees that the Second Amendment has no bearing on his case, Ledesma asserts that *Bruen*'s reasoning "changed the legal landscape for analyzing constitutional challenges based on fundamental rights." He contends— for the first time on appeal—that section 822.3 violates his rights under article 1,

---

[1] All of Ledesma's prior applications were denied. *See Ledesma v. State*, No. 14–1345, 2015 WL 5285665, at *1 (Iowa Ct. App. Sept. 10, 2015) (summarizing Ledesma's prior postconviction relief proceedings). Ledesma also filed an unsuccessful application for federal habeas relief. *See Ledesma v. Burt*, No. 04-cv-4121, 2008 WL 154640 (N.D. Iowa Jan. 15, 2008).

section 13 of the Iowa Constitution when evaluated through *Bruen*'s historical lens. Because Ledesma never raised that argument in the district court proceedings, it is not preserved for our review.[2] *See Lord v. State*, No. 24-0065, 2025 WL 272579, at *1 (Iowa Ct. App. Jan. 23, 2025) (questioning preservation of error where a postconviction relief applicant invoked "the reasoning of *Bruen*" before the postconviction relief court but "did not argue that [Iowa Code section 822.3] violates any specific constitutional provision").

Ledesma also suggests that, "under *Bruen*," section 822.3 violates his due process rights, among other constitutional protections. But he fails to develop these arguments in any meaningful way, so we consider them waived. *See* Iowa R. App. P. 6.903(2)(a)(8)(3); *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025 ("Because we cannot construct Thongvanh's constitutional arguments for him, they are mostly waived by lack of adequate briefing."). In any event, our supreme court has long held that Iowa's three-year limitation for postconviction relief does not offend state or federal procedural due process requirements. *Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989). This court may not disregard that precedent and adopt a new constitutional test. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent.").

Because Ledesma failed to preserve his challenge to the constitutionality of Iowa Code section 822.3, we affirm the dismissal of his application as untimely.

---

[2] Although the State does not contest error preservation, we may raise the issue on our own. *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000).

We also agree with the district court that Ledesma failed to assert any substantive claim for postconviction relief.  *See* Iowa Code § 822.2.  Because Ledesma offers no reason why his convictions or sentence must be vacated, we would affirm dismissal even if his application had been timely.  *See Dao v. State*, No. 23-1629, 2024 WL 3887440, at *1 (Iowa Ct. App. Aug. 21, 2024) (noting that, aside from raising an unavailing timeliness argument under *Bruen*, "Dao's application did not plead 'any substantive claim for postconviction relief'"); *Thongvanh*, 2025 WL 547744, at *1 ("Thongvanh is not challenging his conviction based on *Bruen* or any other new ground of fact or law.  His arguments based on *Bruen* are only a challenge to the statute of limitations itself.").

**AFFIRMED.**