# IN THE COURT OF APPEALS OF IOWA

No. 23-1956
Filed June 18, 2025

**BOBBY RAY WOODBERRY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

The applicant appeals the summary dismissal of his sixth application for postconviction relief. **AFFIRMED.**

Gregory F. Greiner, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered without oral argument by Greer, P.J., Ahlers, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

Nearly thirty years ago, Bobby Woodberry was convicted of first-degree murder and assault with intent to commit serious bodily injury; he was sentenced to life in prison. Woodberry filed an unsuccessful direct appeal, on which procedendo issued in March 1997. Accordingly, his three-year window to seek postconviction relief (PCR) closed in 2000. *See* Iowa Code § 822.3 (2000). Yet Woodberry filed this PCR application—his sixth—in July 2023. The district court summarily dismissed it as time-barred.

Woodberry appeals, arguing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) is a new ground of law that he could not raise before, which excepts him from the statute of limitations in section 822.3. "But [Woodberry] is not challenging *his conviction* based on *Bruen* or any other new ground of fact or law. His arguments based on *Bruen* are only a challenge to the statute of limitations itself. So this exception to the statute of limitations does not apply to [Woodberry's] application." *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025); *Roach v. State*, No. 24-0074, 2025 WL ___, at *_ (Iowa Ct. App. May 21, 2025) (same).

Alternatively, Woodberry urges us to overrule our supreme court's holding that the statute of limitations in section 822.3 is constitutional. *See Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989) ("[D]ue process requires that the interest of the state and the defendant be balanced in determining the reasonableness of a period of limitations. . . . We believe that a three-year period after the conviction or appeal is final is not unreasonable. We also believe the legislature, within its sound discretion, may determine the proper limitation period."). We cannot

overrule precedent from our supreme court. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

We affirm the district court's dismissal of Woodberry's PCR application.

**AFFIRMED.**