# IN THE COURT OF APPEALS OF IOWA

No. 24-0724
Filed August 6, 2025


**TERRANCE JERRELL BURNETT,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____


　　Appeal from the Iowa District Court for Pottawattamie County, Kathleen A. Kilnoski, Judge.


　　A postconviction-relief applicant appeals the district court's order dismissing his application. **AFFIRMED.**


　　Jessica Donels of Parrish Kruidenier, L.L.P., Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Benjamin Parrott, Assistant Attorney General, for appellee State.


　　Considered without oral argument by Tabor, P.J., and Ahlers and Sandy, JJ.

**AHLERS, Judge.**

Terrance Burnett was convicted of second-degree murder in 2011. We affirmed his conviction on direct appeal. *See generally State v. Burnett*, No. 11-0361, 2012 WL 836656 (Iowa Ct. App. Mar. 14, 2012). Procedendo issued in May 2012. Burnett filed postconviction-relief (PCR) applications in 2012 and 2016. Both applications were denied, and the denials were affirmed by our court on appeal.[1] Burnett filed his third PCR application—the one at issue in this appeal—in 2023. The district court granted the State's motion to dismiss the application on the basis that it is time barred.

Burnett appeals. He raises four issues: (1) a new ground of law provides an exception to the statute of limitations governing his claim; (2) the statute of limitations governing his claim violates article I, section 13 of the Iowa Constitution, which restricts suspension of the writ of habeas corpus; (3) the 2019 amendments to the statute of limitations are unconstitutional and equitable tolling should be applied to make his application timely; and (4) his PCR trial counsel in this case was ineffective for failing to raise adequate arguments against dismissal.

As to the first issue, the time limitations on Burnett's claim are governed by Iowa Code section 822.3 (2023), which imposes a three-year limitation period for filing PCR actions. Burnett's application in this case was clearly filed outside that three-year window, but Burnett relies on an exception to the limitation period that applies when there is "a ground of fact or law that could not have been raised within

---

[1] *See generally Burnett v. State*, No. 14-1128, 2016 WL 530130 (Iowa Ct. App. Feb. 10, 2016*); Burnett v. State*, No. 17-0865, 2018 WL 2085007 (Iowa Ct. App. May 2, 2018).

the applicable time period." Iowa Code § 822.3. Burnett contends *New York State Rifle & Pistol Association*, *Inc. v. Bruen*, 597 U.S. 1 (2022), amounts to a new ground of law that he could not have raised within the three-year limitation period. We have repeatedly rejected such a claim[2] and do so here. We also note that Burnett does not contend that *Bruen* impacts the validity of his underlying conviction. Instead, he uses *Bruen* to challenge the constitutionality of the statute of limitations itself. This is not sufficient to satisfy the exception he seeks to invoke on appeal. To qualify under the "new ground of law" exception in section 822.3, the change in law must affect the substance of the applicant's criminal conviction. *See Velazquez-Ramirez v. State*, 973 N.W.2d 598, 601 (Iowa Ct. App. 2022) ("[T]he 'new ground of . . . law' must form a basis of the applicant's *substantive* claims, that is, their claims about alleged flaws *in their criminal conviction*." (second alteration in original)). Because Burnett's challenge does not raise a substantive challenge to the validity of his conviction for second-degree murder, the exception does not apply and his application remains untimely.

As to Burnett's claim that section 822.3 violates the prohibition against suspension of the writ of habeas corpus secured by article I, section 13 of the Iowa Constitution, our supreme court has already considered and rejected this precise argument. *See Davis v. State*, 443 N.W.2d 707, 709–10 (Iowa 1989). Recognizing

---

[2] *See Roach v. State*, No. 24-0074, 2025 WL 1453349, at *1 (Iowa Ct. App. May 21, 2025); *Ledesma v. State*, No. 24-0479, 2025 WL 1322681, at *1 (Iowa Ct. App. May 7, 2025); *Neal v. State*, No. 24-0669, 2025 WL 1321447, at *1 (Iowa Ct. App. May 7, 2025); *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025); *Lord v. State*, No. 24-0065, 2025 WL 272579, at *1 (Iowa Ct. App. Jan. 23, 2025); *Dao v. State*, No. 23-1629, 2024 WL 3887440, at *1 (Iowa Ct. App. Aug. 21, 2024).

that *Davis* defeats his claim, Burnett asks us to overrule it. This we cannot do. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014) ("We are not at liberty to overrule controlling supreme court precedent."). Applying *Davis*, we reject Burnett's challenge based on a claimed violation of article I, section 13 of the Iowa Constitution.

We also reject Burnett's claim that the 2019 amendments to section 822.3 are unconstitutional and we should apply equitable tolling to allow his application to proceed. As Burnett concedes, he did not raise this issue to the district court, so it is not preserved for appellate review. *See Sandoval v. State*, 975 N.W.2d 434, 438 (Iowa 2022) (refusing to consider constitutional issues raised for the first time on appeal when the applicant did not raise the issues in the district court). Burnett failed to preserve this claim, so we decline to consider it further.

Finally, Burnett argues that his trial PCR counsel in this case was ineffective for failing to adequately raise arguments against dismissal. But this claim does not, by itself, toll the statute of limitations, so the time bar of section 822.3 prevents us from reaching the merits of this claim, raised more than a decade after procedendo issued in his direct appeal. *See Thompson v. State*, No. 19-0322, 2020 WL 2060310, at *4 (Iowa Ct. App. Apr. 29, 2020) (finding that ineffectiveness of PCR counsel does not, by itself, toll or extend the statute of limitations).

For these reasons, we affirm the PCR court's dismissal of Burnett's third application for PCR.

**AFFIRMED.**