# IN THE COURT OF APPEALS OF IOWA

No. 24-0573
Filed October 15, 2025

**JERRID MICHAEL WINFREY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.


        An applicant for postconviction relief appeals the dismissal of his application.  **AFFIRMED.**



        Ronald W. Kepford, Winterset, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., Sandy, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

In 2009, a jury found Jerrid Winfrey guilty of first-degree murder, attempted murder, and willful injury causing serious injury. Winfrey's convictions were upheld on direct appeal, and this court later affirmed denial of his application for postconviction relief. *See State v. Winfrey*, No. 10-0304, 2011 WL 5387263, at *5 (Iowa Ct. App. Nov. 9, 2011); *Winfrey v. State*, No. 22-0733, 2023 WL 5091846, at *1 (Iowa Ct. App. Aug. 9, 2023). In October 2023, Winfrey filed a second application for postconviction relief with allegations his first postconviction counsel provided ineffective assistance. The State moved to dismiss the application as untimely under Iowa Code § 822.3 (2023). Under that statute, postconviction relief applications must be filed within three years from finality of the conviction. But this second application was filed more than eleven years after Winfrey's direct appeal concluded, so the district court granted the motion and dismissed the application.

Winfrey appeals, arguing this court should use the "spirit and intent" of *New York State Rifle & Pistol Association, Inc. v. Bruen* to revisit and strike down the statute of limitations in section 822.3 as unconstitutional and find *Bruen* constitutes a new ground of law to reset the limitations period. *See generally* 597 U.S. 1 (2022). But "[w]e are not at liberty to overrule controlling supreme court precedent," *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014), and our supreme court has long since determined the statute of limitations in section 822.3 to be constitutional. *Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989); *accord McCoy v. State*, No. 23-1286, 2025 WL 400745, at *4 (Iowa Ct. App. Feb. 5, 2025). And Winfrey does not explain how *Bruen* provides a new ground of law applicable

to this statute and his application beyond a general reevaluation of constitutional rights preempting state law.

So we deny Winfrey's constitutional challenge to the limitations period on postconviction relief applications.  As Winfrey filed this application far beyond the limitations period, we affirm its dismissal.

**AFFIRMED.**