# IN THE COURT OF APPEALS OF IOWA

---

No. 24-2037
Filed February 11, 2026

---

**Sean Michael Hilliard,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

---

Appeal from the Iowa District Court for Dubuque County,
The Honorable Thomas A. Bitter, Judge.

---

**AFFIRMED**

---

William Monroe, Burlington, attorney for appellant.

Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant
Attorney General, attorneys for appellee.

---

Considered without oral argument
by Chicchelly, P.J., Langholz, J., and Vogel, S.J.
Opinion by Vogel, S.J.

**VOGEL, Senior Judge.**

In 2017, Sean Michael Hilliard was convicted of second-degree sexual abuse after abusing an eight-year-old boy. *State v. Hilliard*, No. 17-1336, 2018 WL 4923000, at *1–2 (Iowa Ct. App. Oct. 10, 2018). We affirmed his conviction on direct appeal, preserving his ineffective-assistance claims for postconviction relief (PCR) proceedings. *Id.* at *1. Shortly thereafter, Hilliard timely applied for PCR, alleging his trial counsel improperly allowed in prejudicial information about his criminal history and failed to object to vouching and hearsay testimony. *Hilliard v. State*, No. 21-1865, 2023 WL 4531604, at *2 (Iowa Ct. App. July 13, 2023). After a trial, the PCR court denied relief and we affirmed. *Id.* at *2–3.

Eight months later, and over five years after procedendo issued on his conviction, Hilliard applied for PCR again. This time, he raised three new challenges to his underlying sexual-abuse conviction and also alleged his first PCR counsel was ineffective for failing to subpoena his criminal trial counsel. The State moved to dismiss, arguing that all of Hilliard's PCR claims are time-barred under Iowa Code section 822.3 (2024). Hilliard resisted, urging that applying section 822.3 to block his ineffective-assistance-of-PCR-counsel claim violated his due-process and equal-protection rights under our state and federal constitutions. The PCR court dismissed his application as time-barred, holding that "[t]he wording of § 822.3 does not unfairly or unequally treat certain people or certain classes of people. The language is unequivocal, and it treats all claimants the same."

Hilliard now appeals the dismissal of his ineffective-assistance-of-PCR-counsel claim. We review his statutory arguments for legal error and any constitutional questions de novo. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021).

PCR applicants must seek relief within three years of their final conviction, unless they raise a "ground of fact or law that could not have been raised within the applicable time period." Iowa Code § 822.3. Allegations of ineffective PCR counsel are discrete claims similarly subject to the three-year limitations period. *Sandoval v. State*, 975 N.W.2d 434, 437 (Iowa 2022). Additionally, repeat applicants may not extend that three-year period by alleging ineffective assistance of initial PCR counsel. *Ruiz v. State*, 18 N.W.3d 453, 458 (Iowa 2025) ("[I]neffective assistance of first PCR counsel is not a reason to extend the statute of limitations on an applicant's second PCR application.").

Hilliard argues that this scheme is so fundamentally unfair that it deprives him of due process. His argument goes like this: applicants are often at the mercy of overburdened appointed counsel, case processing delays often result in PCR trials occurring more than three years after a final conviction, and as a result, applicants with colorable PCR claims are often left without any remedy if initial PCR counsel fails to adequately develop or prosecute the first PCR case. Thus, Hilliard is, in essence, seeking a constitutional rule requiring equitable tolling of section 822.3 for applicants who allege ineffective assistance of prior PCR counsel.[1]

The argument is familiar. We have repeatedly rejected identical equitable-tolling arguments from repeat PCR applicants like Hilliard. *See,*

---

[1] Hilliard also argues that outstanding discovery requests should have precluded dismissal. Yet this argument was never presented to, nor ruled on, by the PCR court. Thus, it is unpreserved for review. *Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). We also decline to reach his equal-protection challenge, as Hilliard's brief only makes cursory references to the issue and supplies no supporting authority. *State v. Tyler*, 867 N.W.2d 136, 166 n.14 (Iowa 2015) (explaining a mere "passing reference" to an argument in a brief constitutes waiver).

*e.g.*, *McCoy v. State*, No. 23-1286, 2025 WL 400745, at *2–4 (Iowa Ct. App. Feb. 5, 2025); *Mitchell v. State*, No. 24-1793, 2025 WL 2924966, at *2 (Iowa Ct. App. Oct. 15, 2025). We have done so because our supreme court has long held that the three-year limitations period for postconviction relief provides convicted defendants "a reasonable opportunity to be heard, thus ensuring his federal and state due process rights." *Davis v. State*, 443 N.W.2d 707, 711 (Iowa 1989); *see also Brooks v. State*, 975 N.W.2d 444, 446 (Iowa Ct. App. 2022).[2]

What's more, the facts here fall outside of Hilliard's claimed constitutional quandary. Procedendo issued following Hilliard's direct appeal in November 2018. A month later, he applied for PCR. That application went to trial in October 2020. The basis for Hilliard's second application stems from initial PCR counsel's alleged failures leading up to and during that trial—omissions that were thus known to Hilliard within three years of his conviction becoming final and could have been timely raised without tolling the limitations period. Accordingly, applying section 822.3 to preclude Hilliard's second PCR action does not offend due process, and the application was correctly dismissed as time-barred.

**AFFIRMED.**

---

[2] Our supreme court recently declined to consider this equitable-tolling question, finding it unpreserved. *See Ruiz*, 18 N.W.3d at 457–58.