**IN THE COURT OF APPEALS OF IOWA**

No. 21-0770
Filed June 15, 2022


**TOMMY GINES JR.,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Sarah Crane, Judge.


Tommy Gines, Jr. appeals the dismissal of his third application for postconviction relief. **AFFIRMED.**



Gary Dickey of Dickey, Campbell, & Sahag Law Firm, PLC, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Richard Bennett, Special Counsel, for appellee State.



Heard by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

This is an appeal from the district court's dismissal of Tommy Gines Jr.'s third application for postconviction relief, filed in 2020, following his 2014 guilty pleas to two counts of intimidation with a dangerous weapon with intent by threats and one count of felon in possession of a firearm, all as an habitual offender. The facts and a partial procedural history are set forth in *State v. Gines*, 844 N.W.2d 437, 441–42 (Iowa 2014). Those details are largely irrelevant to the district court's disposition of the third postconviction-relief application.

Turning to that disposition, the court preliminarily concluded the application fell "outside the three-year limitations period" prescribed by Iowa Code section 822.3 (2020) and Gines failed to point "to any ground of fact or law that could not have been raised within the limitations period." *See* Iowa Code § 822.3.

The court next considered a supreme court opinion authorizing a limited exception to the time bar. The opinion, *Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018), holds:

> [W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section 822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.

The district court rejected Gines' request to fit his application within the *Allison* exception, reasoning that a 2019 amendment to section 822.3 "legislatively abrogated*" Allison*.

The court finally addressed Gines' constitutional challenges to the 2019 amendment. The amendment states: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." Iowa Code § 822.3. Gines' equal protection challenge to the amendment failed, the court said, because, "even if the 2019 amendment prohibiting reliance on ineffective assistance of PCR counsel is not applied, Gines PCR matter would be time-barred, and there could be no equal protection argument." As for Gines' due process challenge based on a claimed denial of his right to be heard, the court explained that Gines "had the right to be heard within the statute of limitations and [was] now outside that time limitation" and the 2019 amendment did "not affect the availability of PCR review for Gines, as even *Allison* would not have provided relief."

On appeal, Gines asserts (1) his "successive PCR application falls within the *Allison* rule's exception to the three-year statute of limitations"; (2) "application of the post-*Allison* amendment to Iowa Code section 822.3 violates [his] Equal Protection rights" and his "Due Process rights"; and (3) this court "should address the substantive merits of [his] claims so they are not procedurally defaulted for federal habeas review."

As to the first point, the district court correctly concluded that the 2019 amendment to section 822.3 legislatively abrogated *Allison*. *See Brooks v. State*, No. 20-1652, 2022 WL 951080, at *2 (Iowa Ct. App. Mar. 30, 2022); *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021). But, even if the legislature had not abrogated *Allison*, the holding, by its terms, was

inapplicable. *Allison* specified that the first postconviction-relief application had to raise an ineffective-assistance-of-counsel claim. *See* 914 N.W.2d at 891 (applying exception to "a PCR petition *alleging ineffective assistance of trial counsel* [that] has been timely filed per section 822.3" (emphasis added)). Gines' first postconviction-relief application, filed in July 2015, did not raise an ineffective-assistance-of-counsel claim. And, *Allison* granted a limited exception to the time bar for a second postconviction-relief application. *See id.* (holding "the timing of the filing of the *second* PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3" (emphasis added)). This was Gines' third application, not his second. *See Velazquez-Ramirez v. State*, 973 N.W.2d 598, 601 (Iowa Ct. App. 2022) (clarifying *Allison* only applies to *second* PCR actions); *Hering v. State*, No. 21-0688, 2022 WL 1487111, at *3 (Iowa Ct. App. May 11, 2022) (concluding *Allison* did not apply to third postconviction-relief application); *Thompson v. State*, No. 20-1002, 2022 WL 1232625, at *2 (Iowa Ct. App. Apr. 27, 2022) ("As we have repeatedly recognized, the *Allison* exception applies to only a second PCR application—not a third or beyond."); *Goode v. State*, No. 20-0282, 2021 WL 4889249, at *3 (Iowa Ct. App. Oct. 20, 2021) (citing cases). Finally, *Allison* required the successive application to be filed "promptly." *See* 914 N.W.2d at 891. Assuming Gines could overcome the previous two hurdles, his third application was filed approximately two years after the conclusion of the previous postconviction-relief action. Lesser delays have not satisfied this standard. *See Velazquez-Ramirez*, 973 N.W.2d at 601 ("[W]e have repeatedly concluded that 'delays [of] one year or more' are not sufficiently 'prompt.'" (second alteration in original) (citation omitted)); *Herron v. State*, No. 19-1909, 2022 WL

1236762, at *1 (Iowa Ct. App. Apr. 27, 2022) (finding application filed nearly ten months after the conclusion of the first proceeding was not prompt and citing cases). In short, Gines could not avail himself of the limited exception to the statutory time bar set forth in *Allison*.

It follows that, if *Allison* was unavailing, the 2019 statutory amendment abrogating *Allison* had no effect on Gines' third postconviction-relief application and we need not reach Gines' equal protection and due process challenges to the amendment. As the State asserts, "[y]ou cannot lose what you never had."

That said, similar constitutional challenges have been rejected. *See Davis v. State*, 443 N.W.2d 707, 711 (Iowa 1989) ("We conclude that the legislature, in providing the time limit in [section 822.3], afforded defendant a reasonable opportunity to be heard, thus ensuring his federal and state due process rights."); *Garcia v. State*, No. 20-0883, 2022 WL 108561, at *4 (Iowa Ct. App. Jan. 12, 2022) (rejecting an equal protection challenge to the amendment on the ground that the applicant was "not similarly situated to those who can effectively utilize *Allison*'s relation-back doctrine" and rejecting a due process challenge on the ground that the applicant did "not have a due process right to advance stale claims").

In light of our conclusion that Gines' third postconviction-relief application was untimely, we decline to reach the merits of his application.

**AFFIRMED.**