## IN THE COURT OF APPEALS OF IOWA

No. 24-0074
Filed May 21, 2025

**MICHAEL ANTHONY ROACH,**
　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　Respondent-Appellee.
_____

　　Appeal from the Iowa District Court for Polk County, Joseph D. Seidlin, Judge.

　　The applicant appeals the summary dismissal of his sixth application for postconviction relief. **AFFIRMED.**

　　Gregory F. Greiner, West Des Moines, for appellant.

　　Brenna Bird, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee State.

　　Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**GREER, Presiding Judge.**

Michael Roach was convicted of second-degree murder and first-degree robbery in 2004.  He was later sentenced to a term of incarceration not to exceed fifty years.  Roach filed an unsuccessful direct appeal, *see generally State v. Roach*, No. 04-1444, 2005 WL 3477997 (Iowa Ct. App. Dec. 21, 2005), on which procedendo issued in March 2006.  Accordingly, Roach's three-year window to seek postconviction relief (PCR) closed in 2009.  *See* Iowa Code § 822.3 (2009).  Yet he filed this PCR application—his sixth—in August 2023, summarily challenging his convictions.  The district court dismissed his application as time-barred.

Roach appeals, arguing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) is a new ground of law that he could not raise before, which excepts him from the statute of limitations in section 822.3.  "But [Roach] is not challenging *his conviction* based on *Bruen* or any other new ground of fact or law.  His arguments based on *Bruen* are only a challenge to the statute of limitations itself.  So this exception to the statute of limitations does not apply to [Roach's] application." *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025).

Alternatively, Roach urges us to overrule our supreme court's holding that the statute of limitations in section 822.3 is constitutional.  *See Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989) ("[D]ue process requires that the interest of the state and the defendant be balanced in determining the reasonableness of a period of limitations. . . .  We believe that a three-year period after the conviction or appeal is final is not unreasonable.  We also believe the legislature, within its sound

discretion, may determine the proper limitation period."). We cannot overrule our supreme court. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Finally, Roach argues the district court should have concluded the 2019 amendment to section 822.3 prohibiting equitable tolling was unconstitutional, struck down the amendment, and then adopted and applied equitable tolling in his case. While Roach mentioned the issue of equitable tolling in his resistance to the State's motion to dismiss, the district court did not rule on the issue. So it is not preserved for our review, and we do not consider it. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("When a district court fails to rule on an issue properly raised by a party, the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal.").

We affirm the district court's dismissal of Roach's PCR application.

**AFFIRMED.**