# IN THE COURT OF APPEALS OF IOWA

No. 24-0794
Filed July 23, 2025

**JACK LEROY LOSEE,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Polk County, Michael D. Huppert, Judge.

        The applicant appeals the summary dismissal of his sixth application for postconviction relief. **AFFIRMED.**

        Gregory F. Greiner, West Des Moines, for appellant.

        Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee State.

        Considered without oral argument by Greer, P.J., and Badding and Chicchelly, JJ.

**GREER, Presiding Judge.**

More than forty years ago, Jack Losee was convicted of two counts of first-degree murder and sentenced to life in prison. He unsuccessfully challenged his convictions on direct appeal, *see generally State v. Losee*, 354 N.W.2d 239, 240 (Iowa 1984), and procedendo issued in 1984. Accordingly, his three-year window to seek postconviction relief (PCR) closed in 1987. *See* Iowa Code § 663A.3 (1987). Yet Losee filed this PCR application—his sixth—in December 2023.[1] The district court summarily dismissed it as time-barred.

Losee appeals, arguing *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) is a new ground of law that he could not raise before, which excepts him from the statute of limitations in section 822.3 (2023). "But [Losee] is not challenging *his conviction* based on *Bruen* or any other new ground of fact or law. His arguments based on *Bruen* are only a challenge to the statute of limitations itself. So, this exception to the statute of limitations does not apply to [Losee's] application."[2] *Thongvanh v. State*, No. 24-0783, 2025 WL 547744, at *1 (Iowa Ct. App. Feb. 19, 2025).

---

[1] Most recently, we affirmed the summary dismissal of Losee's fifth PCR application as time-barred. *See generally Losee v. State*, No. 19-1702, 2020 WL 4499771, at *3 (Iowa Ct. App. Aug. 5, 2020). We also affirmed the denial of Losee's third PCR application. *See generally Losee v. State*, No. 15-0162, 2016 WL 1688658, at *1 (Iowa Ct. App. Apr. 27, 2016). Losee did not appeal the district court's ruling in his first, second, or fourth PCR action.

[2] We have repeatedly rejected applicants' attempts to rely on *Bruen* as a new ground of law without raising a substantive claim for postconviction relief. *See Dixon v. State*, No. 23-2106, 2025 WL 1704196, at *1 (Iowa Ct. App. June 18, 2025); *Woodberry v. State*, No. 23-1956, 2025 WL 1704362, at *1 (Iowa Ct. App. June 18, 2025); *Roach v. State*, No. 24-0074, 2025 WL 1453349, at *1 (Iowa Ct. App. May 21, 2025).

Alternatively, Losee urges us to "revisit" our supreme court's holding that the statute of limitations in section 822.3 is constitutional. *See Davis v. State*, 443 N.W.2d 707, 710–11 (Iowa 1989) ("[D]ue process requires that the interest of the state and the defendant be balanced in determining the reasonableness of a period of limitations. . . . We believe that a three-year period after the conviction or appeal is final is not unreasonable. We also believe the legislature, within its sound discretion, may determine the proper limitation period."). We cannot overrule precedent from our supreme court. *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). We are bound by its prior rejection of a federal due-process challenge to the statute of limitations. *See Davis*, 443 N.W.2d at 710–11.

Finally, Losee argues on appeal that the district court should have ruled the 2019 amendment to Iowa Code section 822.3 prohibiting equitable tolling was unconstitutional,[3] struck down the amendment, and then adopted and applied equitable tolling in his case. But this was not the argument Losee made to the district court. There Losee asserted,

> The Iowa Supreme Court has not ruled on whether the holding in *Allison*[ *v. State*, 914 N.W.2d 866 (Iowa 2018)] is or is not equitable tolling. Along with the decisions outlined above, this has cast considerable confusion on the issue. . . . There is . . . a rebuttable presumption in favor equitable tolling for PCR claims.

And the district court did not rule on the constitutionality of the amendment; it concluded "it [did] not fall to the district court to revisit the applicant's request to revisit . . . the applicability of equitable tolling to [PCR] actions." Because this issue was not raised to and decided by the district court, it is not preserved for our review

---

[3] *See* 2019 Iowa Acts ch. 140, § 34.

and we do not consider it.[4]  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised [to] and decided by the district court before we will decide them on appeal."); *see also Roach*, 2025 WL 1453349, at *1 (refusing to consider the constitutionality of the 2019 amendment to section 822.3 on appeal when the district court did not rule on the issue).

We affirm the dismissal of Losee's sixth PCR application.

**AFFIRMED.**

---

[4] Although the State does not contest error preservation, we may raise the issue on our own.  *See Top of Iowa Coop. v. Sime Farms, Inc.*, 608 N.W.2d 454, 470 (Iowa 2000) ("In view of the range of interests protected by our error preservation rules, this court will consider on appeal whether error was preserved despite the opposing party's omission in not raising this issue . . . on appeal.")